IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANIEL L. CRAIG                                             PLAINTIFF

V.                            NO. 11-5223

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Daniel L. Craig, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for disability and disability insurance benefits (DIB) and

supplemental security income (SSI) under the provisions of Titles II and XVI of the Social

Security Act (Act).  In this judicial review, the Court must determine whether there is substantial

evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C.

§ 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on October 1, 2008,

alleging an inability to work since August 5, 2008, due to "Lymphomic Cancer-Diffuse Large

B cell Lymphoma, and removal of Spleen." (Tr. 144-145, 149)  An administrative hearing was

held on December 2, 2009, at which Plaintiff appeared with counsel and testified.  (Tr. 33-52).

By written decision dated April 7, 2010, the ALJ found that during the relevant time

_____

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner  Michael
J. Astrue as the defendant in this suit.

-1-

period, Plaintiff had an impairment or combination of impairments that were severe - Non-Hodgkin's lymphoma and situational anxiety. (Tr. 21). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulations No. 4. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except he is only able to stand and walk for 2 hours out of an 8 hour workday and sit for 6 hours out of an 8 hour workday. He can occasionally climb, balance, crawl, crouch, stoop and kneel. Nonexertionally, he can only work in occupations in which interpersonal contact is incidental to the work performed and the complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required must be simple, direct, and concrete.

(Tr. 22-23). With the help of a vocational expert (VE), the ALJ determined that there were jobs Plaintiff could perform, such as production worker, cutter and paster of press clippings, and machine tender. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied the request on July 22, 2011. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs,[2] and the case is now ready for decision. (Docs. 8, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

---

[2]The parties also filed supplemental briefs pursuant to the Courts request. (Docs 12, 13).

-2-

II.     **Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff contends that the ALJ erred in concluding that Plaintiff was not disabled because: 1) the ALJ failed to consider Plaintiff's impairments in combination; 2) the ALJ failed to consider Plaintiff's subjective allegations of pain; 3) the ALJ erred in determining Plaintiff had the RFC to perform less than a full range of sedentary work; and 4) the ALJ failed to fully and fairly develop the record.  (Doc. 8).

### A.   Consideration of Combined Effects of Impairments:

The ALJ noted that disability is defined "as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." (Tr. 18).  He also noted that at step two of the evaluation, the ALJ must determine "whether the claimant has a medically

-4-

determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 19).  The ALJ concluded that if the claimant has a severe impairment "or combination of impairments, the analysis proceeds to the third step." (Tr. 19).  He then stated that at step three, he must determine whether the claimant's impairment "or combination of impairments meets or medically equals" the criteria of a listed impairment.  (Tr. 19).  The ALJ discussed each impairment and specifically found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr.21). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments.  See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).  Based upon the foregoing, as well as the arguments set forth in Defendant's well-reasoned brief (Doc. 10), the Court finds there is substantial evidence to conclude that the ALJ considered the combined effects of Plaintiff's impairments.

**B.      Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.

AO72A
(Rev. 8/82)

2003).

In the present case, the ALJ recognized his obligation to evaluate Plaintiff's subjective allegations and complaints utilizing the criteria set out in 20 C.F.R. §§ 404.1529, 416.929, Social Security Ruling 96-7p, and Polaski. (Tr. 23). The ALJ concluded that Plaintiff's statements concerning his impairments and their impact on the ability to work were considerably more limited and restricted than was established by the medical evidence. (Tr. 24). He concluded:

> The alleged limitations are self-imposed restrictions not supported in the medical evidence by clinical signs, symptoms, or laboratory findings, and although the claimant has stated he has numerous restrictions in activities of daily living and being unable to work due to a myriad of impairments, no such restrictions have been objectively quantified. In fact, the record demonstrates good results from his therapy and no adverse side-effects (Exhibit 14F).

(Tr. 24). Since the ALJ believed Plaintiff failed to establish a correlation between his allegations and the objective medical evidence, he found Plaintiff credible, but not to the extent alleged. (Tr. 24).

The record supports the ALJ's conclusion. On March 17, 2009, Dr. Joe Ross, of Highlands Radiation Oncology, saw Plaintiff approximately one month after completing consolidative radiotherapy to the right axilla for a non-Hodgkins lymphoma. (Tr. 364). Dr. Ross noted that Plaintiff was having no persisting side effects from his treatment, although he did have discomfort in the left upper abdomen. In his assessment, Dr. Ross found as follows:

> Mr. Craig has no persisting side effects from his radiotherapy. He continues to have some discomfort in the left upper abdomen. I think this is postoperative. I have tried to reassure Mr. Craig that the initial pain he had was due to enlargement of his spleen which has been removed. There has been no evidence of lymphadenopathy by either examination, biopsy of the lymph nodes or PET scan and I don't think that his pain in that area is related to cancer. He seemed eager to accept the information.

-6-

He is scheduled to see Dr. Hayward in approximately one month and will
be routinely followed by Dr. Hayward.

(Tr. 364).

At the hearing, Plaintiff testified that the biggest thing that kept him from working was "just not really being motivated.  I want to work, but it's just hard to get up and get dressed." (Tr. 47).

The Court finds that there is substantial evidence to support the ALJ's credibility findings.

**C.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations.   20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In this case, the ALJ found that Plaintiff would be capable of performing sedentary work

-7-

with certain postural limitations.  He also found that Plaintiff could only work in occupations in which interpersonal contact was incidental to the work performed and the complexity of tasks is learned and performed by rote, with few variables and little judgment required, and that supervision required must be simple, direct, and concrete. (Tr. 22-23).  The ALJ stated he found Plaintiff as an "extremely affable individual," but that the totality of his statements were inconsistent with objective evidence that did not demonstrate the existence of limitations of such severity as to have precluded Plaintiff from performing any work on a regular and continuing basis.  (Tr. 24).

The ALJ considered all of the medical evidence, and found Plaintiff' physical limitations to be more restrictive than the assessments contained in the Physical RFC forms completed by David L. Hicks, on December 30, 2008, and Ronald Crow, on March 6, 2009, where they found Plaintiff capable of performing light work.  (Tr. 25-26, 303-310, 355-363).

Based upon the record as a whole, the Court believes there is substantial evidence to support the fact that Plaintiff has the RFC to perform sedentary work, with certain limitations.

### D.      Fully and Fairly Developing the Record:

The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);   Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This is particularly true when Plaintiff is not represented by counsel.  Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary.  See 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010).  However, the ALJ is not required to

-8-

function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").  "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment.  They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination."  Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 989).

Plaintiff contends that the ALJ neglected to procure a consultative Psychiatric Review Technique or Mental Residual Functional Capacity Assessment to fully determine the extent and limiting effects of his depression and anxiety.  The ALJ had before him the records from Ozark Guidance, Inc., dated July 17, 2009, July 29, 2009, and October 26, 2009, where he was diagnosed with "MDD recurrent, moderate" and Depressive Disorder NOS."  (Tr. 407, 409-413). He was given GAF scores of 60/75 and 65.  (Tr. 407, 412).

Subsequent to the ALJ's decision, Plaintiff was seen on June 3, 2010, by Richard D. Back, Ph.D., of Northwest Arkansas Psychological Group, who performed a Mental Diagnostic Evaluation.  (Tr. 416-422).  Dr. Back diagnosed Plaintiff with Major Depression, Severe, R/O with Mood Congruent Psychosis and Obsessive Compulsive Personality Disorder, and gave Plaintiff a GAF score of 44-54.  (Tr. 421).  Dr. Back further found that Plaintiff had certain marked limitations.  (Tr. 421-422).

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner.  The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency

action.  See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992).  At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ.  As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994).  However, once it is clear that the Appeals Council considered the new evidence, then the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997).  Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.  Id.; Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1995).

       In this case, Dr. Back's opinion clearly contradicts the opinions of Dr. Brian Mooney, and Donald Defreece, MS, LPC, of Ozark Guidance, Inc., who treated Plaintiff between July 17, 2009, and October 26, 2009.  (Tr. 407-410).  "Generally, even if a consulting physician examines a claimant once, his or her opinion is not considered substantial evidence, especially if, as here, the treating physician contradicts the consulting physician's opinion." Lauer v. Apfel, 245 F.3d 700, 705 (8th Cir. 2001).

       The Court has considered Dr. Back's evaluation, and is of the opinion that the ALJ would not have given Dr. Back's opinion great weight, since it is inconsistent with the record as a whole.  The Court is also of the opinion that the ALJ had sufficient evidence before him to make a determination, that his decision is supported by substantial evidence.

-10-

**E.    Impact of <u>Cuthrell v. Astrue</u>:**

The Court directed the parties to provide supplemental briefs, addressing the impact of the Eighth Circuit's opinion in <u>Cuthrell v. Astrue</u>, 702 F.3d 1114 (8th Cir. 2013).  A review of the case and briefs submitted by the parties leads the Court to conclude that since the ALJ carefully documented the Psychiatric Review Technique in his decision (Tr. 21, 22), as required by the regulations, he satisfied the requirements discussed in the regulations and <u>Cuthrell.</u>

**IV.   Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 25th day of February, 2013.


*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)